Brooke, J.
I refer to my opinion in the case of Bramble v. Billups, 4 Leigh 98-101. for my construction of the act of 1785, dispensing with words of inheritance or perpetuity, to pass an estate of inheritance. I still think (as I said in that case) that the act of 1785 ,V"‘ c,', ' ' .-/j.cgiijiQnl^ppply to cases in which an estate is given either without w^r^Is Restricting it to a life estate, or words •■S/'of-inhQritjui^jand in which, by its application, the .rules of ¿obstruction “ as the law aforetime was,” in respeqt .tq-esta^s tail and executory devises, applied to '"v.the^words incite deed or will, will not be affected. I *451 concur in the opinion that the judgment must be affirmed.
Tucker, P.
This is a question upon a clause of the will of George See, dated in 3 803, in the following words: “I give and bequeath to my daughter Phoebe Couchman the upper half of my plantation, to be equally divided between her and John Craigen; but should my said daughter die without heirs of her own body,’’ then over. There are other provisions oftho will, which are strongly relied on as demonstrative of the testator’s intention ; but they are entirely unimportant in the view of the case which I shall take.
This court has, by its various decisions, at length placed beyond further dispute a point which has been most earnestly debated on various occasions. It has been contended, that when a question arises whether an estate tail is created by the language of the testator, which is converted into a fee by tire statute, the act of 1785, dispensing with words of inheritance in the creation of an estate in fee simple, may be resorted to, to enlarge the estate of the first taker into a fee, and thereby avoid the consequences which ensue-if the words of limitation to him are construed to give only a life estate. Thus in the case at bar, the limitation is to Phoebe Couchman, without superadded words of inheritance ; and then it is provided that if she dies without heirs of her body, the estate shall go over. Here the words “ if she dies without heirs of her body” do not amount to a devise to the heirs of her body, after the determination of her estate for life, and the consequence would be that if she takes but an está issue can never take anything. The would therefore construe this clearlj But if, under our law, you consider a fee by the operation of the act of is a good devise to her of the fee, with ¡ *452 upon her dying without heirs of the body, by way of executory devise; and thus the whole line of her descendants will take according to the manifest general intent, without the necessity of creating an estate tail.
This use of the statute has been attempted in many cases, but has been as repeatedly overruled. I have struggled for it myself in more than one case, but have found myself in the woful minority of one. I must therefore surrender; and in doing so, I must pronounce against the effect of the statute in this case. The cases in which the question as to the act of 1785 has been discussed, are Ball v. Payne, 6 Rand. 73. Jiggetts and wife v. Davis, 1 Leigh 368. (in which the act of 1785 received some countenance) Bramble v. Billups, 4 Leigh 90. Bells v. Gillespie, 5 Rand. 273. (where judge Green leaned to its operation) Goodrich v. Harding et al. 3 Rand. 280. (where the question was waived) and Thomason v. Andersons, 4 Leigh 118. From an examination of these cases, it will be found that the question is expressly decided against the statute in Ball v. Payne, and that the case of Bramble v. Billups recognizes the principles of that decision in extenso. I can no longer undertake to controvert it.
If, then, the express words give Phoebe Gouchman only. an estate for life, it must be enlarged into a fee tail, according to the general intent, as her issue would be otherwise unprovided for, since the words “ if she die without heirs of her body” cannot operate as a remainder over to the issue. The authorities upon this subject are numerous. I shall only cite 1 P. Wms. 54, 754. 1 Burr. 38. 2 Wils. 323. Doe v. Applin, 4 T. R. 82. In this last case the devise was to A. for life, without impeachment &c. remainder to his eldest son and his heirs, and in default of issue male of A. remainder over. A. took a remainder in tail. In our courts, Tate v. Tally, 3 Call 354. Hill v. Burrow, 3 Call 342. Eldridge &c. v. Fisher, 1 Hen. & Munf. 559. are strong *453 authorities to shew tha,t if the first words gave’ Phcebe but an estate for life, the subsequent words, of necessity, to effectuate the general intent, enlarged the estate into a fee tail. In this view of the case, too, it is clear that the case of Doe v. Webber, cited by counsel from 1 Barn. & Ald. 713. has no application, since there the first taker took an estate of inheritance by the express provision of the will, and the other words might well be construed to constitute a contingency upon which the estate was to go over, and thus create an executory devise.
For these reasons I am of opinion to affirm the judgment.