Allen, P.
In the errors assigned in the petition and the argument of counsel, an objection was taken to the verdict as being too uncertain and defective. The finding is a general one for the plaintiff, unless upon a single point of law reserved, the court should be of opinion that the law is for the defendants in respect to á portion of the land claimed in the declaration and described in the verdict. Such a verdict was held to be regular and proper in the case of McMichen v. Amos, 4 Rand. 134. The question was directly presented in that case, and decided; and the character of the suit, a pauper case for freedom, in which form is disregarded, had no influence on the decision of this point. Judge Cabell, in giving the opinion in which the other judges concurred, says that such a verdict is a “ conclusion drawn by the jury from .the facts, in favor of one or the other party: subject, however, to the opinion of the court on the case specially stated by the jury. Such a general conclusion for one party, necessarily carries with it the idea that that party must prevail unless the law upon the special case referred to the court, shall be against him. All facts not found in the special case are excluded from the consideration of the court, or negatived by the general finding in his favor.” In this case the jury has found for the plaintiffs if Philip H. Burton took under his father’s will, and for the defendants if his title was derived under his grand father’s will. The title of Philip H. Burton, as derived from one or the other source, is to be regarded as an established fact; and it being further found that the said Philip H. Burton died an infant, the verdict also necessarily establishes that the lessors of the plaintiff stood in such relation *84 to him as that under the act of descents of 1819, they were entitled to succeed to him if he took under the devise of his father; and the wills of the grand father and father are both set forth in the verdict. All the facts, therefore, to enable the court to determine this question, are set forth with precision.
And so as to the second error assigned, that the special verdict finds no possession in the defendants. By the general finding all facts necessary to entitle the plaintiff to a verdict are to be considered as found, subject to the opinion of the court on the case specially stated.
As to the objection that the verdict is defective in finding for the plaintiff twelve-thirteenths of the property, the whole being demanded in the declaration, and containing no finding as to the other thirteenth : It is not necessary that the plaintiff in ejectment should recover all that is demanded in the declaration. He may recover less; Clay v. White, 1 Munf. 162; Ablett v. Skinner, 1 Siderfin 229; Burgess' lessee v. Purvis, 1 Burr. R. 326; Lewis’ lessee v. McFarland, 9 Cranch’s R. 1-51; and though where less is recovered than was demanded, the boundaries of the part recovered should be designated, where as in this case, the verdict was for an undivided interest, no boundaries could be designated; but there is no uncertainty as to the interest recovered. The sheriff would under the execution give possession of the undivided interests recovered, leaving the defendants in possession of the residue. Roe ex dem. Saul v. Dawson, 3 Wils. R. 49.
On the merits it is maintained that upon the will of Henry H. B. Burton the grand father, and under what it is argued amounts to an appointment to Philip, in the will of Henry the son, Philip took under the will of his grand father a fee simple estate : The person taking under a power, deriving his estate not from the person executing the power, but under the original *85 devise creating the power. The grand father by his will lent the land in controversy to his son during his natural life. The case referred to of Williamson v. Ledbetter, 2 Munf. 521, decides that the use of the word lend is not of itself sufficient to confine the limitation to the period of the devisee’s death. For whether the word lend or give is used, an estate for life is vested in the first taker. The will contains no express devise to the heirs or heirs of the body, nor is any estate given directly to the issue: the issue must take by implication.
The will provides that if the son should die without lawful issue, he gave the lands to his grand son, to him and Ms heirs forever. The testator intended to give something by this clause to the grand son; but the interest so intended to be given was made to depend on the son’s dying without issue. Taking these words alone, it is clear the testator intended that his son should take such an estate for life in the first instance as would be transmissible to his issue; and to effectuate that intent, the words “die without issue,” have always been construed as controlling the previous devise for life, and as enlarging the estate from an estate for life to an estate tail. The testator, although he gave but a life estate to the son, clearly intended that the grand son should not take whilst there was any issue of the son ; and there being nothing to limit the devise to the issue living at the testator’s death, the words must be referred to an indefinite failure of issue. The words “ should his son leave lawful issue, he might dispose of Ms land to such of his issue as he may think fit,” do not of themselves show an intention to restrict the previous words to a failure of issue at the death of the first taker. In cases of personal property, words of that description may have been received as evidence of an intention to restrict the words “dying without issue” to a failure of issue at *86 the death; hut such construction of the words has not been extended to real property, as it would defeat the leading intent to provide for the issue so long as there should be any issue. Blackborn v. Edgley, 1 P. Wms. 605; Soulle v. Gerrard, Cro. Eliz. 525; King v. Melling, 1 Vent. 230; S. C. 2 Levinz 58; Atkinson v. Hutchinson, 3 P. Wms. 258; Forth v. Chapman, 1 P. Wms. 663.
That the power of disposing to such of his issue as he should think fit would not operate to restrict the general words, is shown, by the case of Ball v. Payne, 6 Rand. 73, where a similar power of disposing amongst or to either of the heirs of the body, was contained in the devise; but the tenant for life was held to take an estate tail which by our statute was converted into an estate in fee simple. Upon the whole, it seems to me that according to the cases of Bells v. Gillespie, 5 Rand. 273; Broaddus v. Turner, 5 Rand. 308; Jiggetts v. Davis, 1 Leigh 368; and the cases there referred to, the son in this case took an estate tail by implication, which by the statute was enlarged into a fee; and that the estate so vested in Henry Burton, passed by his will to his son Philip H. Burton, who thus derived title under the will of his father, and not under the will of his grand father, by the supposed appointment in the will of his father.
I think the judgment should be affirmed.
The other judges concurred in the opinion of Allen, J.
Judgment affirmed.